IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CV-130-FL

| | | |
|---|---|---|
| WANDA D. CAPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's gross negligence claim for failure to state a claim upon which relief can be granted, made pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised have been briefed fully and are ripe for ruling. For the reasons that follow, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiff was injured on December 3, 2012, when the car she was driving collided with a 7 ton MK23 truck (a "truck"), owned by defendant and operated by Alexander Vincent Pasierb ("Pasierb"), a United States Marine acting within the scope of his duties. Following the collision, on June 19, 2014, plaintiff filed an administrative claim with the United States Department of the Navy, seeking recovery for her injuries. Plaintiff's claim was denied on December 30, 2014. Plaintiff filed this suit on June 12, 2015, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) & 2671 et seq., asserting claims for negligence and gross negligence under North Carolina law.

On September 16, 2015, defendant filed the instant motion to dismiss plaintiff's gross negligence claim. Defendant argues that the allegations in the complaint are insufficient to state a claim for gross negligence under North Carolina law. In particular, defendant contends that plaintiff's gross negligence claim fails because it does not allege plausibly that Pasierb deliberately undertook a known dangerous act.

## STATEMENT OF FACTS

On December 3, 2012, at approximately 6:30 p.m., plaintiff was driving south on U.S. Highway 17, in Onslow County, North Carolina. Although plaintiff was near the city of Jacksonville, the particular area was rural, poorly lit, and frequented by cars traveling at or above the 55 mile-per-hour speed limit. In the meanwhile, Pasierb was driving a "darkly camouflaged" truck north-bound on U.S. Highway 17, also near the city of Jacksonville in the same rural area. Pasierb missed his intended destination and, as a result, attempted a legal u-turn, crossing from the north-bound lanes of U.S. Highway 17 to the south-bound lanes. Pasierb did so notwithstanding his knowledge that, because of the truck's size and poor acceleration, it required additional time and space to complete such maneuvers. Pasierb was unable to complete the u-turn successfully, and, instead, was forced to perform a multi-point turn. Given the dark conditions and dark coloring of the truck, plaintiff was unable to see the truck in her lane as she approached it. As Pasierb attempted the multi-point turn, plaintiff's car collided with the truck, causing plaintiff severe injuries.

## COURT'S DISCUSSION

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

2

defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999).  A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.    Analysis

The FTCA authorizes suits against the United States for damages "for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable."  28 U.S.C. § 1346(b)(1).  Because the act giving rise to plaintiff's claim occurred in North Carolina, the United States's liability is fixed by North Carolina law.  Id.; Williams v. United States, 242 F.3d 169, 173 (4th Cir. 2001)

"Gross negligence" is willful or wanton conduct "'done with conscious or reckless disregard for the rights and safety of others.'"  F.D.I.C. ex rel. Co-op. Bank v. Rippy, 799 F.3d 301, 314 (4th Cir. 2015) (quoting Yancey v. Lea, 354 N.C. 48, 52 (2001)).  Although "ordinary" negligence rests

3

on the assumption that the defendant "should have known the probable consequences of his act," gross negligence "rests on the assumption that [the defendant] knew the probable consequences [of his act], but was recklessly, wantonly or intentionally indifferent to the results." Akzona, Inc. v. S. Ry. Co., 314 N.C. 488, 496 (1985); accord Ray v. N.C. Dep't of Transp., 366 N.C. 1, 13 (2012). "Thus, a claim for 'gross negligence' will lie where the defendant either deliberately or reckless shirked his known duty." Garcia v. United States, No. 4:15-CV-88-FL, 2016 WL 916432 (E.D.N.C. Mar. 10, 2016).

The facts alleged, even when viewed in the light most favorable to plaintiff, fall short of gross negligence. Plaintiff claims that Pasierb should not have attempted a u-turn in light of the circumstances known to him at the time, including the lack of ambient light, the truck's dark color, and the truck's slow acceleration. Thus, plaintiff's fundamental contention is that Pasierb "should have known" better. Such allegations categorically do not rise to the level of gross negligence. Akzona, 314 N.C. at 496. Rather, a claim for gross negligence requires the tortfeasor know the specific danger posed by his conduct, and that he nevertheless commit the injurious act with at least reckless indifference to the likely result. See Woodson v. Rowland, 329 N.C. 330, 345–46 (1991) (finding gross negligence where tortfeasor previously had been warned about the specific danger posed by his conduct); Akzona, 314 N.C. at 496; see also Garcia, 2016 WL 916432, at *4–5.

This court recently opined on this distinction in Garcia v. United States. In Garcia, a United States Marine attempted a u-turn in a government-owned tractor-trailer, a maneuver he specifically had been ordered not to perform and had been warned was likely to result in catastrophic accidents. Id. at *2. He was unable to complete the turn in a single maneuver and, as he attempted to complete a multi-point turn, the decedent's car collided with the tractor-trailer, resulting in the decedent's

4

death. Id. On those facts the court held that the plaintiff had stated a claim for gross negligence. The lynchpin of the court's analysis was the fact that the driver explicitly had been warned that the conduct at issue previously had caused disastrous collisions. Id. at *4. The driver's knowledge of "the specific and significant danger to other motorists posed by [u-turns]," as informed by that warning, allowed the court to infer that the driver was at least reckless toward the consequences of his actions in attempting a u-turn. Id. at *4–5.

By contrast, plaintiff's complaint contains no indication that Pasierb knew specifically that a u-turn attempt endangered the "rights and safety of other[]" motorists. Yancey, 354 N.C. at 52. Although Pasierb doubtless understood that his u-turn could pose some abstract threat to other drivers, gross negligence requires more than a vague inkling that a particular act creates some danger. See id. at 53 (gross negligence requires a "conscious disregard of the safety of others"). Rather, the standard demands the tortfeasor's actual knowledge of the danger created by his conduct, and at least a reckless indifference to the possible results if such conduct is undertaken. See id. Both of those elements were present in Garcia, where the driver previously had been warned of the specific and substantial hazard arising from u-turn attempts. See 2016 WL 916432, at *4–5. In this case, however, both elements are lacking.

Nevertheless, plaintiff argues that the court can infer Pasierb's knowledge of the specific danger posed by his conduct, as well as his reckless indifference toward the results of that conduct, from the circumstances surrounding the accident. In particular, plaintiff points to the rural locality of the accident, the time of day at which the accident occurred, as well as the fact that Pasierb could have used, but ultimately did not employ, certain precautionary measures. However, that argument is unavailing. The alleged circumstances attending the crash certainly weigh on whether Pasierb

5

should have undertaken a different course of action. But, those circumstances do not support the inference that Pasierb knew his u-turn attempt posed a specific danger to other drivers. Moreover, insofar as plaintiff grounds her gross negligence claim in the availability of additional safety precautions, that argument also fails. Simply because additional safety precautions are available, it does not necessarily follow that the court should infer gross negligence. By purporting to tie the standard for gross negligence to the number of available safety precautions, plaintiff's argument comes perilously close to rendering the distinction between ordinary and gross negligence nothing more than a distinction "in degree or magnitude of inadvertence or carelessness." Yancey, 354 N.C. at 53.

In sum, defendant's motion to dismiss must be granted, where plaintiff has not pleaded sufficient facts from which the court could infer that Pasierb recklessly disregarded the likely result of a known dangerous act.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss plaintiff's gross negligence claim for failure to state a claim upon which relief can be granted. (DE 13).

SO ORDERED, this the 22nd day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge